ORIGINAL

**08 CIV. 5437**

UNITED STATES DISTRICT COURT     ECF CASE
SOUTHERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES of the LOCAL UNION 373 )
UNITED ASSOCIATION OF JOURNEYMEN AND )  **JUDGE CONNER**
APPRENTICES OF THE PLUMBING AND PIPEFITTING )
INDUSTRY LOCAL 373 BENEFIT FUNDS, )
                                                                                          ) Index No.:
                          Plaintiffs, )
                                                                           )
       -against- )  **COMPLAINT**
                                                                                )
LANDMARK AIR SYSTEMS INC., )
                                                              Defendant. )

---

Plaintiffs, Board of Trustees of the Local Union 373 U.A. of Journeymen and Apprentices of the Plumbing and Pipefitting Industry Local 373 Fringe Benefit Funds (hereinafter referred to as the "Funds") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to timely submit required monetary contributions, dues check-off, and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry Local 373 (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect in a timely fashion contribution benefits on behalf of the employees employed by the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 76 Pleasant Hill Road, Mountainville, New York 10953, in Orange County.

8. Upon information and belief, the defendant, Landmark Air Systems Inc. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

9. Upon information and belief, the Employer is a for-profit domestic corporation with its principal place of business at 36B Kenosia Av, Danbury, CT 06810, in Fairfield County.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

10. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of membership in an Employer Association.

11. The C.B.A. and/or Trust Indenture requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

12. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A. there became due and owing to the Funds from the Employer contribution reports, fringe benefit contributions and late charges.

13. The Employer has failed and refused to remit to the Funds the contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $10,795.20 for the period January 2008-March 2008, plus late charges, interest, liquidated damages, attorneys' fees and court costs and disbursements.

14. These amounts described in paragraph 13 above are due and owing to the Funds and are based upon information supplied by the Employer and/or employees which amount is subject to an audit by the Funds' Office.

15. The Employer's failure, refusal or neglect to remit the proper contributions, reports and late charges to the Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union wherein the Funds are third party beneficiaries.

16. Pursuant to the C.B.A. and Policy for Collection, the Employer's failure to timely remit payment of fringe benefit contributions, the principal due shall be subject to interest and liquidated damages. In addition if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

17. Accordingly, pursuant to the C.B.A., the Employer is liable to Plaintiffs in the minimum amount of $10,795.20 in unpaid contributions, plus interest, liquidated damages, court costs and expenses and attorneys' fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint as if fully set forth at length herein.

19. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the C.B.A. and Trust Indentures.

20. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

21. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit

contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

22. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

23. Accordingly, the Employer is liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and late charges under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

24. Accordingly, the Employer is liable to the Funds in the minimum principal amount of $10,795.20 plus liquidated damages, interest, reasonable attorneys' fees and court costs and disbursements pursuant to disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "24" of this Complaint as if set forth at length herein.

26. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer is required to timely submit current fringe benefit contributions, dues check-off and reports to plaintiffs.

27. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement and Trust Indenture.

28. During the course of the instant action, additional contributions and late charges may become

due and owing. If defendant fails to timely remit the contributions and/or late charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant Landmark Air Systems Inc. as follows:

On the First and Second Claims for Relief:

(a) In the minimum sum of **$10,795.20,** plus interest, liquidated damages, court costs and disbursements and reasonable attorney's fees all in accordance with the collective bargaining agreement and the policy for collection of delinquent contributions.

On the Third Claim for Relief:

(b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

Dated: Elmsford, New York
       June 5, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD, PLLC.

_____
Karin Arrospide (KA 9319)
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515